IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Crim. No. 5:19cr00002 |
| v. | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| MIGUEL ANGEL MORENO, | ) | |
| Defendant. | ) | By:   Joel C. Hoppe |
| | ) | United States Magistrate Judge |

  This case was referred to the undersigned magistrate judge for the purpose of conducting a felony guilty plea hearing. This report and recommendation is submitted to the presiding district judge under 28 U.S.C. § 636(b)(3). The defendant waived his right to indictment and to plead before a United States District Judge and consented to proceed before the undersigned magistrate judge.

  On February 14, 2019, the defendant appeared with counsel before the magistrate judge, who personally addressed the defendant and admonished him pursuant to Rule 11(b)(1)(A)–(O) of the Federal Rules of Criminal Procedure. Discussing the district judge's role of determining a sentence, the Court explained to the defendant that the sentencing range under the Sentencing Guidelines, which are advisory, not mandatory, would not be determined until a presentence report is written and a sentencing hearing held, that the district judge had the authority to impose a sentence more or less severe than called for in the guidelines, and that the sentence the defendant receives may be different than any estimate given by his attorney. The Court also admonished the defendant that if the district judge does not accept a recommendation set forth in the plea agreement, the defendant will still be bound by his plea and will have no right to withdraw it. The defendant stated that he understood the Court's admonishments. The attorney for the Government stated the essential terms of the plea agreement, which has been filed with

the Court, and the defendant and his counsel agreed that those in fact were the terms of the agreement. The defendant further stated that he had read the plea agreement, had reviewed it with his counsel, and understood it. Accordingly, the undersigned finds that the defendant understands the charge to which he is pleading guilty and that his plea was knowingly made. Fed. R. Crim. P. 11(b)(1).

The Court also addressed the defendant personally as to his competency to plead and the voluntariness of his plea, specifically whether it resulted from force, threats, or promises other than promises made in a plea agreement or in open court. Fed. R. Crim. P. 11(b)(2). Based on this discussion, the undersigned finds the defendant to be sufficiently competent to enter a plea, that he desired to plead guilty, and that his plea was voluntary.

The government presented a statement of facts, which has been filed with the Court, regarding the offense to which the defendant pleaded guilty. The defendant testified that he read the statement of facts and discussed it with his attorney. He agreed that the statement of facts was accurate and did not contest those facts. The statement of facts present the following:

On June 20, 2018, police in New Mexico stopped a tractor-trailer car hauler. They searched a Jeep—one of the vehicles on the car hauler—and discovered in the spare tire twenty-three packages of a substance, which later was determined to be 9,915 grams of 100% pure methamphetamine. Police also discovered 4,269 grams of 95% pure methamphetamine. The Jeep was to be delivered to Waynesboro, Virginia. Police replaced the spare tire and conducted a controlled delivery of the Jeep. On June 23, the tractor-trailer driver arranged to deliver the Jeep to a gas station in Waynesboro. The defendant arrived at the agreed drop-off location and took delivery of the Jeep. He later removed the spare tire, placed it in the trunk of his car, and drove away. An hour later, the defendant cut into the spare tire at a residence in Waynesboro. Police

executed a search warrant that day at the residence and discovered multiple cell phones, digital scales, baggies, latex gloves, and the cut spare tire. The Defendant told police that Person #1 had told him to pick up the tire and not to worry about its contents. The defendant knew the spare tire contained controlled substances. He was paid to pick up the tire, and he cut it open. After he cut the tire, he took a picture of it, and sent the picture to Person #1 to show him that it was empty. They discussed that the contents were valued at $150,000.

In response to the Court's questions, the Defendant provided additional information about the offense. The defendant confirmed that he knew the conspiracy involved distribution of 500 grams or more of methamphetamine.

The undersigned finds that these facts provide a sufficient basis for the defendant's guilty plea to the charges of conspiracy to distribute 500 grams or more of a substance containing methamphetamine and attempted possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine. Fed. R. Crim. P. 11(b)(3).

The defendant pleaded guilty to Counts One and Two of the Information, knowingly and intentionally conspiring to distribute 500 grams or more of a mixture or substance containing methamphetamine and attempted possession with intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 846 (incorporating 21 U.S.C. § 841(a)(1) and (b)(1)(A)).

The magistrate judge finds the following:

1. The defendant's guilty plea was taken by the undersigned subject to the acceptance of the plea and sentencing by the assigned district judge and after the defendant consulted with an attorney and executed oral and written waivers;

2. The defendant fully understands the nature of the charge and relevant penalties;

3. The defendant fully understands the terms of the plea agreement;

4. The defendant fully understands his constitutional and statutory rights and wishes to waive those rights;

5. The defendant's guilty plea was freely and voluntarily tendered;

6. The defendant is sufficiently competent to enter a guilty plea; and

7. An adequate factual basis exists to support this plea.

## RECOMMENDATION

The magistrate judge RECOMMENDS that the district judge accept the plea of guilty and, after reviewing the pre-sentence investigation report, accept the plea agreement, and enter a final judgment finding the defendant guilty.

## RELEASE OR DETENTION PENDING SENTENCING

After entry of the plea, the undersigned conducted proceedings to determine the defendant's custody status pursuant to the standard set forth in 18 U.S.C. § 3143(a). Based on the following, the undersigned finds that clear and convincing evidence exists that the defendant is not likely to flee or pose a danger to the community if released:

The defendant had his initial appearance on the day of his guilty plea. The Government requested detention based on the large quantity of methamphetamine charged in the case. The Court agrees that the charged offenses are very serious given the nature, weight, and purity of the substance. Nonetheless, the defendant is a lifelong resident of Waynesboro, he is employed, he has an apparently suitable residence, and he appeared for all court proceedings on related-state charges as well as his initial appearance and guilty plea on the federal charges. Thus, he is not a flight risk. Regarding danger to the community, the defendant is twenty-two years old, he is a high school graduate, and he has no criminal history. He has a job and a seemingly suitable place

to reside, which probation will verify. He has been on state supervision since June 2018 on related charges, and he has no reported violations, but he did test positive for marijuana today when tested by the federal probation officer. This use of controlled substances causes concern, but I find that conditions may be imposed to address it and the concerns presented by the nature of the offense.

Because this Report and Recommendation recommends finding, rather than actually finds, the defendant guilty of the controlled substance offense, the mandatory detention provision of § 3143(a)(2), which is based on the nature of the offense, does not apply at this time. The undersigned magistrate judge is not aware of any evidence supporting a finding under § 3143(a)(2)(A).

## **NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Michael F. Urbanski, Chief United States District Judge.

The Clerk shall send certified copies of this Report and Recommendation to all counsel of record.

ENTER: February 14, 2019

Joel C. Hoppe
United States Magistrate Judge